UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THYSSENKRUPP ELEVATOR
CORPORATION,

    Plaintiff,

v.                                                 Case No:  2:13-cv-202-Ftm-29SPC

LARRY HUBBARD, JR. ,

    Defendant.

_____/

## ORDER

       This matter comes before the Court on the Plaintiff, Thyssenkrupp Elevator Corporation and the Defendant, Larry Hubbard's Joint Stipulated Motion for Limited Expedited Discovery (Doc. #22) filed on April 29, 2013.  The Parties jointly move the Court for leave to conduct limited expedited discovery in support of their respective positions regarding the Plaintiff's Motion for a Preliminary Injunction.  The Parties request fifteen (15) days to serve and respond to written document production and then an additional fifteen (15) days to conduct up to three depositions.

       The Court utilizes a good cause standard to determine whether expedited discovery should be permitted. Biosense Webster, Inc. v. Scott, 2013 WL 1611338 *1 (M.D. Fla. April 15, 2013) (citing Nassau Terminals, Inc. v. M/V Bering Sea, 1999 WL 1293476, at *1 (M.D.Fla. July 1, 1999) (stating that moving party has the burden of showing good cause why discovery should be expedited); Dell, Inc. v. BelgiumDomains, LLC, No. Civ. 07–22674, 2007 WL 6862341, at * 6 (S.D.Fla. Nov.21, 2007); Semitool, Inc. v. Tokyo Electron America, Inc., 208

F.R.D. 273, 274 (N.D. Cal.2002). Factors the Court considers in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made. Biosense Webster, 2013 WL 1611338 at *1.

As grounds, the Parties state good cause exists for the expedited discovery because: 1) it is being sought in aid of a preliminary injunction hearing; 2) the parties are agreeing to seek discovery of a reasonable scope as described below; 3) ThyssenKrupp's purpose for requesting the expedited discovery is to determine the nature and extent of solicitation of ThyssenKrupp's customers, the substance of Defendant's communications with them, the extent of the use and disclosure of ThyssenKrupp's client information, and the precise nature of Hubbard's relationship with GES; 4) Defendant Hubbard's purpose for requesting the expedited discovery is to determine the nature and extent of the alleged proprietary and/or confidential information ThyssenKrupp asserts it has provided to him, the nature and extent of any specialized training he received, the nature and extent of ThyssenKrupp's relationships with its customers, and whether or not ThyssenKrupp has a "protectable business interest" in the customers at issue, 5) the burden on the parties is only slight because the documents and depositions requested are easily accessible and limited; and 6) the request is made earlier than typical discovery but not earlier than necessary for use at the upcoming preliminary injunction hearing.  The Parties state the discovery will aid the Court in making a determination on the Motion for a Preliminary Injunction and will be narrowly tailored to the issues involved in the Motion.

In this instance, the Parties have identified the nature of the discovery sought and narrowly tailored the discovery to the preliminary injunction Motion at issue. Therefore, the Court finds good cause to grant the Motion for Expedited Discovery.

Accordingly, it is now

**ORDERED:**

The Plaintiff Thyssenkrupp Elevator Corporation and the Defendant Larry Hubbard's Joint Stipulated Motion for Limited Expedited Discovery (Doc. #22) is **GRANTED**.

(1) The Parties have up to and including **May 28, 2013**, to serve and respond to the written discovery.

(2) The Parties have up to and including **June 12, 2013**, to conduct depositions into the preliminary injunction issues.

(3) The Parties are limited to three (3) depositions for each side.

(4) The Parties are limited to seven (7) document requests for each side.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of May, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

3