UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

THYSSENKRUPP ELEVATOR CORPORATION,

                    Plaintiff,

vs.                                Case No. 2:13-cv-202-FtM-29UAM

LARRY HUBBARD, JR.,

                    Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's Amended Verified Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #20) filed on April 18, 2013. Plaintiff filed a Memorandum of Law in Opposition (Doc. #23) on May 2, 2013, and defendant filed a Reply (Doc. #30) with leave of court on June 4, 2013. Also before the Court is plaintiff's Amended Motion for Preliminary and Permanent Injunctive Relief (Doc. #17) seeking to enjoin defendant from violating the terms of a non-compete agreement. (Doc. #17.) No response to the motion for preliminary injunction was filed. The parties were granted up to and including June 12, 2013, to conduct depositions into the preliminary injunctions issues. (Doc. #25.) This time has passed and the motions are now ripe for review.

The Complaint alleges that in or about August 2007, defendant was employed by plaintiff's predecessor, General Elevator Sales and Service, Inc. (GESS) as a Service Operations Manager. On or about

August 21, 2007, defendant signed an Agreement on Confidential Information, Intellectual Property, Non-Solicitation and Non-Competition with GESS (the non-compete agreement). In September 2011, plaintiff acquired GESS through a stock purchase transaction. Defendant continued to serve as Service Operations Manager until he resigned on December 7, 2012. Plaintiff alleges that after defendant resigned, he has been in violation of his non-compete agreement.

Plaintiff initiated this action seeking injunctive relief (Count I), and asserting a claim for breach of contract (Count II), tortious interference with business relations (Count III), unfair competition (Count IV), and violation of the Florida Deceptive and Unfair Trade Practices Act (Count V). With respect to the motion for preliminary injunction, plaintiff essentially seeks to enjoin defendant from violating the terms of the non-compete agreement.

In his motion to dismiss, defendant alleges that the non-compete agreement is not enforceable by plaintiff because the defendant entered into the non-compete agreement with GESS, not plaintiff. Defendant asserts that Fla. Stat. § 542.335(1)(f)(2) prohibits the enforcement of the non-compete agreement by plaintiff because the covenant does not expressly authorize enforcement by a party's assignee or successor.

In response, plaintiff asserts that this provision of Florida law does not provide the only circumstances in which a court may

enforce a non-compete agreement, but only takes away the court's discretion to deny the enforcement of a non-compete agreement when the agreement specifically provides for enforcement by non-parties. Furthermore, plaintiff asserts that under Florida mergers and acquisition laws, where there has been a 100 percent stock transfer, the non-compete agreement is enforceable by the purchaser, notwithstanding the absence of an express provision providing for non-party enforcement. Plaintiff relies primarily on an unpublished Report and Recommendation.[1] See Johnson Controls, Inc. v. Rumore, 8:07-cv-1808-T-17TBM, 2008 WL 203575 (M.D. Fla. Jan. 23, 2008).

In reply, defendant asserts that other courts have rejected this proposition. In support, defendant cites to Cellco P'ship v. Kimbler, 68 So.3d 914 (Fla. 2d DCA 2011).

Fla. Stat. § 542.335(1)(f)(2) provides in pertinent part:

> The court shall not refuse enforcement of a restrictive covenant on the ground that the person seeking enforcement is a third-party beneficiary of such contract or is an assignee or successor to a party to such contract, provided:
>
> . . .
> In the case of an assignee or successor, *the restrictive covenant expressly authorized enforcement by a party's assignee or successor."*

Id. (emphasis added). In Johnson Controls, relied upon by the plaintiff, the Magistrate Judge opined that "[a] plain reading of

---

[1] It appears that the case settled prior to the District Court's consideration of the Report and Recommendation.

this provisions is that *if* a noncompetition agreement contains an express authorization for enforcement by a successor, the court 'shall not refuse enforcement' of the contract." Johnson Controls, 2008 WL 203575 at * 7 (emphasis in original). The Magistrate Judge further found that under Florida statutes governing commercial transactions, the surviving corporation of a merger "shall have all the rights, privileges, immunities and powers, and shall be subject to all the duties and liabilities" of the merged corporation. Fla. Stat. § 607.1106. Thus, the Magistrate Judge found that in an acquisition by way of a 100% stock purchase, the non-compete agreement was enforceable by surviving corporation of a merger.

Contrary to defendant's assertions, neither Tusa nor Cellco are directly on point. Tusa is completely inapplicable, as it relates solely to a third party beneficiary's standing to enforce a non-compete agreement. No such situation exists here. Further, while the Court is Cellco did opine that a non-compete agreement was unenforceable by a non-party pursuant to Fla. Stat. § 542.335(1)(f)(2), the Court noted that "the undisputed evidence was that Alltell and Cellco *did not merge* and that Alltel did not assign the restrictive covenant rights to Cellco." Cellco, 68 So.3d at 917 (emphasis added). There is thus no controlling state authority which directly addresses Fla. Stat. § 542.335(1)(f)(2)'s impact on a 100% stock purchase agreement.

The Court is persuaded by Johnson Controls, and denies that portion of the motion to dismiss. The Court will set a hearing on the motion for a preliminary injunction.

Defendant also seeks to dismiss Count III of the Verified Amended Complaint (Doc. #16). Upon review, the Court finds that plaintiff states a plausible claim for tortious interference with business relations. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). That part of the motion to dismiss will also be denied.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's Amended Verified Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #20) is **denied.**

2. The defendant shall file a response to plaintiff's Amended Motion for Permanent Injunction and Preliminary Injunction (Doc. #17) within **seven (7) days** of this Order.

3. The Amended Motion for Permanent Injunction and Preliminary Injunction (Doc. #17) is set for hearing on **July 26, 2013, at 10:00 a.m.** before the undersigned and a separate Notice shall issue.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of June, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record